**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL GREEN
ADC #88957                                                                                    PLAINTIFF

V.                              CASE NO. 5:10CV00134 BD

MARK GOBER and
SUSAN POTTS                                                                                DEFENDANTS

**ORDER**

I.   Background:

Plaintiff Michael Green, formerly a detainee at the Drew County Detention Center, filed this § 1983 lawsuit *pro se* alleging that Mark Gober and Susan Potts acted with deliberate indifference to his medical needs. (Docket entries #6) Mr. Green claims Mr. Gober and Ms. Potts were personally aware of his physical suffering and had the authority to order that he receive the necessary medical care to treat the infection in his hand, but that they failed to act. Mr. Green alleges that, as a result of Mr. Gober's and Ms. Potts's conduct, he was required to have emergency surgery.

Mr. Gober and Ms. Potts have filed a motion for summary judgment arguing that: (1) Mr. Green's claims against them in their official capacities fail because he has failed to allege that Drew County had a custom or policy which resulted in a violation of his rights; (2) they are entitled to judgment as a matter of law because Mr. Green has not presented any evidence to show that either of them exhibited deliberate indifference to Mr. Green's serious medical needs; nor has Mr. Green presented any evidence that he was

harmed as a result of either Mr. Gober's or Ms. Potts's delay in getting treatment for Mr. Green; (3) Mr. Green has no constitutional right to receive free medical treatment; (4) Mr. Gober was not personally involved in the events giving rise to Mr. Green's constitutional claims; (5) Mr. Green has failed to establish that he sustained any physical injury as a result of either Mr. Gober's or Ms. Potts's conduct; and (6) Mr. Gober and Ms. Potts are entitled to "quasi-judicial immunity."

Plaintiff has responded to the motion for summary judgment. (#62 and #64) Based on the evidence presented, the motion for summary judgment (#52) is GRANTED in part, and DENIED in part.

II.    Analysis:

   A.    Summary Judgment Standard

Summary judgment should be granted when the evidence, viewed in a light most favorable to the nonmoving party, shows there is no genuine dispute as to any material fact. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). To defeat summary judgment, the nonmoving party must show there is a genuine dispute as to a material fact or "that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B) A nonmoving party must support its assertion of a disputed fact by citing to materials in the record, including depositions, affidavits, or documents. FED. R. CIV. P. 56(c)(1)(A); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)

("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))).

B.  Official Capacity Claims

Mr. Gober and Ms. Potts argue that Mr. Green's claims against them in their official capacities fail because he has not proved that any alleged constitutional violated that he suffered was the result of a government custom or policy.

Mr. Green's claim against the Mr. Gober and Ms. Potts in their official capacities "is merely a suit against the public employer," in this case, a suit against Drew County, Arkansas. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In *Monell v. Department of Social Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978), the Supreme Court held that local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*.

"A 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). To establish a custom, a

3

plaintiff must prove the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees. *Id*.

Here, Mr. Green has failed even to allege that he was injured as a result of any government policy or custom. For that reason, his claims against Mr. Gober and Ms. Potts in their official capacities fail as a matter of law.

C. Deliberate Indifference - Susan Potts

Prison officials violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). "Failure to provide medical care to prisoners amounts to a constitutional violation only when the plaintiffs show '(1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008) (quoting *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997)).

To prevail, a prisoner must show, "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide either "verifying medical evidence" in the record

to establish the detrimental effect of the delay or show that his need for medical treatment would have been obvious to a layman. See *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir.1995) and *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995).

Mr. Green claims that while he was detained at the Drew County Detention Center, Mr. Gober and Ms. Potts failed to provide him adequate medical treatment for an infection in his hand, which resulted in his having to undergo emergency surgery.[1] He claims that, since the surgery, he has not regained full use of his hand.

Mr. Gober and Ms. Potts have filed a motion for summary judgment arguing that Mr. Green has not presented any evidence that they acted with deliberate indifference to his medical needs. In the affidavit that Ms. Potts attaches to the motion for summary judgment, she testifies that on or about November 26, 2007, jailers Vickie Hayne and John Adair informed her that Mr. Green's left hand was swollen. (#54-4 at p.1) Ms. Potts states that prior to that date, Mr. Green had not informed her that his hand was swollen or that he was in need of medical attention. (#54-4 at p.1) Immediately after Ms. Potts learned that Mr. Green was in need of medical attention, Ms. Potts called Dr.

---

[1] Although Plaintiff was a pre-trial detainee at the time the events giving rise to this lawsuit occurred, deliberate indifference is the appropriate standard to use for both pre-trial detainees and convicted prisoners who have been denied adequate medical care. *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006) (holding that the Eighth Amendment deliberate indifference standard of culpability is appropriate for all claims that prison officials failed to provide pretrial detainees with adequate food, shelter, medical care, and reasonable safety).

.

Rudolph Turner to schedule an examination. (#54-4 at p.1) The following day, November 27, 2007, Mr. Green was examined by Dr. Turner. (#54-4 at pp.1-2) Dr. Turner's examination revealed that Mr. Green had a possible abscess and needed to be seen by an orthopaedist. (#54-4 at p.2)

Immediately after Ms. Potts learned that Mr. Green needed to be seen by a specialist, she contacted the Drew County Prosecutor's Office so that Mr. Green could be released from custody to seek medical attention. (#54-4 at p.2) Later that day, Circuit Judge Sam Pope issued an order releasing Mr. Green from the Drew County Detention Center. (#54-4 at p.2)

According to Mr. Green's medical records, he was admitted to the Jefferson Regional Medical Center on November 27, 2007 around 6:30 pm. (#54-6 at p.7) Dr. Lytle noted that Mr. Green's hand was "grossly swollen and markedly tender with pain and purulence draining from an open wound on the dorsum of the small finger." (#54-6 at p.13) Mr. Green was admitted to the operating room for "debridement" of the abscess that evening.

In Mr. Green's affidavit that he provided the Court in response to the summary judgment motion, he testifies that he informed Ms. Potts about his injury prior to November 26, 2007. (#64) Mr. Green claims that his requests for medical assistance have either been "destroyed or misplaced." (#64 at p.3) In addition, Mr. Green states that because of the serious nature of his injury, it would have been "impossible for him to

6

reside in jail for 11 or 12 days and not complain of pain." (#64 at p.3) Mr. Green's medical records seem to support Mr. Green's testimony and indicate that he had experienced an infection and swelling in his hand for seven days prior to being admitted to the Jefferson County Regional Medical Center. (#54-6 at p.10)

Based on Mr. Green's response to the motion for summary judgment, as well as his medical records from Jefferson Regional Medical Center, Mr. Green has created a genuine issue of material fact as to whether Ms. Potts acted with deliberate indifference to his serious medical needs. Because the record is not clear as to when Ms. Potts became aware of Mr. Green's need for medical treatment, Ms. Potts is not entitled to judgment as a matter of law.

Moreover, although Mr. Green has not provided the Court with verified medical evidence establishing that he experience some detriment as a result of Ms. Potts's delay in treating, the notable swelling mentioned in Mr. Green's medical records should have been obvious to a layman, and specifically, to Ms. Pots in her day-to-day capacity as Mr. Green's jailer. See *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999) (upholding district court's denial of summary judgment where conditions would have been obvious to a layman, or more particularly, the sheriff in his capacity as the inmate plaintiff's jailer). Accordingly, Ms. Potts is not entitled to judgment as a matter of law.

D. Free Medical Care

In their motion for summary judgment, Mr. Gober and Ms. Potts also argue that Mr. Green is not entitled to free medical care, and that his release from the Drew County Detention Center so that he could seek his own medical treatment was constitutionally sound.

Although Drew County Detention Center was required to provide Mr. Green with basic medical care, it was not required to do so free of cost. Inmates may have to pay for their own medical expenses, if they can afford to do so. See *Roberson v. Bradshaw*, *supra*.

Moreover, Mr. Green's release from custody did not impair his ability to receive medical treatment in any way. Rather, Mr. Green's medical records indicate that he was promptly seen by medical personnel at the Jefferson County Regional Medical Center where he underwent surgery. Because Mr. Green's release from custody did not hinder his ability to receive medical treatment, and because he is not entitled to free medical treatment, this claim fails as a matter of law.[2]

E.   Deliberate Indifference - Mark Gober

Mr. Gober and Ms. Potts attach Mr. Gober's affidavit to their motion for summary judgment. (#54-12) In the affidavit, Mr. Gober testifies that, as Sheriff of Drew County,

---

[2] In their motion for summary judgment, Mr. Gober and Ms. Potts argue that they are entitled to quasi-judicial immunity for following the Circuit Court's order in releasing Mr. Green from custody. Because the Court finds that Mr. Green's release from custody did not hinder his ability to receive immediate medical treatment, the Court will not address the Defendants' immunity argument.

Arkansas, he "delegate[s] all duties and responsibilities regarding the day-to-day operations of the Drew County Detention Center to [] jail administrator, Susan Potts." (#54-12 at p.1).

A defendant must be personally involved in the events resulting in a constitutional violation in order to be liable under 42 U.S.C. § 1983. See *Wilson v. Toney*, 294 Fed. Appx. 252, *1 (8th Cir. 2008) (unpub. per curiam) ("section 1983 does not allow for supervisory liability absent personal involvement or actual knowledge"). Although Mr. Gober may have been ultimately responsible for Mr. Green's release from custody, Mr. Green has not provided any evidence that his release from custody prevented him from receiving medical care. Moreover, there is no evidence that Mr. Gober was personally aware of Mr. Green's serious medical needs prior to November 27, 2007. (#54-12 at p.1-2) Without such knowledge, the Court cannot conclude that Mr. Gober acted with deliberate indifference to Mr. Green's serious medical needs. Accordingly, Mr. Green's claims against Mr. Gober fail as a matter of law.

    F.    Physical Injury

In their motion for summary judgment, Mr. Gober and Ms. Potts also argue that Mr. Green's claims fail as a matter of law because he has not presented any evidence that he sustained any injury as a result of either Mr. Gober's or Ms. Pott's conduct. This argument is unpersuasive and disingenuous.

Here, it is undisputed that following Mr. Green's release from custody at the Drew County Detention Center, he was immediately hospitalized and underwent surgery for an abscess on his hand. He remained hospitalized from November 27, 2007 through December 3, 2007. While it is unclear whether a delay in treatment caused Mr. Green to suffer any greater injury than if his hand been treated prior to November 27, 2007, clearly he suffered physical injury. Accordingly, Mr. Gober and Ms. Potts are not entitled to judgment as a matter of law on this basis.

### III.   Conclusion:

The motion for summary judgment (#52) is GRANTED in part, and DENIED in part. Mr. Green is permitted to proceed on his deliberate indifference claim against Defendant Potts in her individual capacity only.

IT IS SO ORDERED this 10th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE